**BACSA, Appellant,**

v.

**CITY OF CLEVELAND, Appellee.**

[Cite as *Bacsa v. Cleveland* (1991), 74 Ohio App.3d 845.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58883.

Decided Aug. 15, 1991.

*Paul Mancino, Jr.,* for appellant.

*Craig S. Miller,* Director of Law, and *Roberto H. Rodriguez,* Chief Assistant Director of Law, for appellee.

JAMES D. SWEENEY, Judge.

Plaintiff-appellant Julius Bacsa appeals the trial court's ruling, which granted defendant-appellee city of Cleveland's motion to dismiss. This case arose from appellant's 1987 arrest based on an outstanding warrant issued in 1975.

In 1975, Bacsa was arrested and convicted pursuant to R.C. 2913.51. As a sentence he received probation for three years. There is no evidence in the record as to when the probationary period was completed.

Apparently, the 1975 warrant was never removed from the records, and appellant was rearrested and jailed in 1987.

Appellant sets forth one assignment of error.

## I

"The court erred in determining that the amended complaint failed to set forth a claim upon which relief could be granted and the allegations of the amended complaint do not allege a government function subject to immunity."

This case falls squarely under R.C. 2744.01 and 2744.02.

The definition of "governmental function" is set forth in 2744.01(C), which states in pertinent part:

"(C)(1) 'Governmental function' means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:

"(a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;

"(b) A function that is for the common good of all citizens of the state;

"(c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function.

"(2) A 'governmental function' includes, but is not limited to, the following:

"(a) The provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection;

"(b) The power to preserve the peace; to prevent and suppress riots, disturbances, and disorderly assemblages; to prevent, mitigate, and clean up releases of oil and hazardous and extremely hazardous substances as defined in section 3750.01 of the Revised Code; and to protect persons and property[.]"

It is clear that keeping records of warrants for the purpose of apprehending real or putative criminals is a necessary part of police work, and is therefore specifically included under R.C. 2744.01(C)(2)(a).

R.C. 2744.02 exempts a political subdivision from liability for acts or omissions in connection with a governmental function.

"(A)(1) For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

The balance of R.C. 2744.02 lists the categories for which the political subdivision is liable, and we see no section which would include the facts of the case *sub judice*.

Although we empathize with the appellant due to the embarrassment and inconvenience he sustained as a result of his inappropriate rearrest, we find the city of Cleveland statutorily immune from suit.

Appellant's assignment of error is overruled.

*Judgment affirmed.*

KRUPANSKY, C.J., and ANN MCMANAMON, J., concur.